UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| YUSEF ABDULLAH BILAL ALI, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:19-CV-742-CHB |
| | ) | |
| v. | ) | |
| | ) | **ORDER DENYING PLAINTIFF'S** |
| MICHAEL B. GRITTON, et al., | ) | **EMERGENCY MOTION FOR** |
| | ) | **TEMPORARY RESTRAINING** |
| Defendants. | ) | **ORDER AND PRELIMINARY** |
| | ) | **INJUNCTION** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, [R. 73], and Defendants' response in opposition, [R. 75]. In the Motion, Plaintiff asks this Court to enjoin Louisville Metro Government and Louisville Metro Housing Authority from pursuing an eviction against Plaintiff, citing Federal Rule of Civil Procedure 65. *Id.* at 1. Under that Rule, the Court may enter an injunction or restraining order against "the parties," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation with" such individuals. Fed. R. Civ. P. 65(d)(2). However, Louisville Metro Government and Louisville Metro Housing Authority are not parties to this suit,[1] and Plaintiff has not demonstrated (nor alleged) that these entities are "officers, agents, servants, employees, and attorneys" of any party, or that they are otherwise "in active concert or participation with" a party. The Court therefore finds that it

---

[1] On February 23, 2021, Plaintiff filed a Motion to Compel Joinder of Necessary Parties, seeking to join Louisville Metro Government and others as defendants [R. 58]. Shortly after, Defendants, having agreed to participate in a settlement conference, moved for an enlargement of time to file their responses to the Motion to Compel Joinder of Necessary Parties and to Plaintiff's Second Amended Complaint. [R. 59]. The Court granted the motions, and the answers and responses are not yet due. [R. 63] Accordingly, the Motion to Compel Joinder of Necessary Parties is not yet ripe for review.

cannot enter injunctive relief against these non-parties. *See* Fed. R. Civ. P. 65(d)(2); *Zenith Radio Corp. v. Hazeltime Research, Inc.*, 395 U.S. 100 (1969) ("It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process."); *Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1394 (Fed. Cir. 1996) ("[C]ourts of equity have long observed the general rule that a court may not enter an injunction against a person who has not been made a party to the case before it." (citing *Scott v. Donald*, 165 U.S. 107, 117 (1897))); 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2956 (3d ed.) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction.").

Accordingly, having reviewed the Motion and the Court being otherwise sufficiently advised;

**IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, [**R. 73**], is **DENIED**.

This the 21st day of May, 2021.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Counsel of Record